Glenn R. Kantor - SBN 122643
e-mail: gkantor@kantorlaw.net
Corinne Chandler - SBN 111423
e-mail: cchandler@kantorlaw.net
Brent Dorian Brehm - SBN 24898
e-mail: bbrehm@kantorlaw.net
KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Fax: (818) 350-6272

Attorneys for Plaintiff,
CLAIRE M. KRUMPOTICH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE M. KRUMPOTICH, | CASE NO: C 09-00335 JSW |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| VS. | |
| PIONEER LIFE INSURANCE COMPANY OF ILLINOIS; WASHINGTON NATIONAL HEALTH INSURANCE COMPANY AND CONSECO SENIOR HEALTH INSURANCE COMPANY, | |
| Defendants. | |

This Stipulated Protective Order is hereby entered into between the parties and their attorneys in this action. The purpose of this Stipulated Protective Order is to protect against disclosure of confidential and/or proprietary information that is set forth below.

This is an action brought by an insured against an insurer arising from the denial of a claim for benefits under an insurance policy. Plaintiff Claire Krumpotich is seeking documents which are private, confidential and trade secret as defined under California Civil Code §3426.1, which definition is incorporated herein by reference.

Stipulated Protective Order

1

The parties hereby stipulate to the following protective order:

1. The following procedures shall be employed and the following terms, conditions and restrictions shall govern with respect to documents produced by defendants which contains information which is private, confidential and trade secret as defined under California Civil Code §3426.1, including all writings and information contained therein, (as broadly defined in Federal Rules of Evidence, Rule 1001) and all deposition testimony, deposition exhibits, interrogatories, documents requests, and admissions (the "Discovery Material").

2. The parties agree that persons employed by the United States District Courts in California have no duty to the parties to protect or maintain the alleged confidentiality of any information in any papers filed with the Court.

3. All Discovery Material, which a producing party or producing third party believes in good faith to be and is, in fact, entitled to protection from public disclosure under governing law, shall be designated as "CONFIDENTIAL" at the time of production (hereinafter "Confidential Material") except as otherwise provided herein.

4. Discovery Material may be designated as Confidential Material as follows:

    A. Documents shall be designated as confidential by being stamped or marked CONFIDENTIAL. Multi-paged documents can be designated CONFIDENTIAL by stamping or marking the first page only of such document.

    B. Depositions may be designated CONFIDENTIAL by stamping or marking the face sheet of the transcript (or marking on a videotape) accordingly.

5. If any party desires to file any Confidential Materials with the Court, the party must:

A. File and serve an Administrative Motion to File under Seal, in conformance with Northern District Local Rule ~~7-11~~, 79-5 accompanied by a declaration establishing that the entire document is sealable;

B. Lodge with the Clerk and serve a proposed order sealing the document;

C. Lodge with the Clerk and serve the entire document, contained in an 8 ½ by 11 inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL";

D. Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container.

E. If only a portion of a document is sealable, counsel seeking to file that portion of the document under seal must comply with Paragraphs 5 A, B and C above and must additionally:

   (i) Identify the sealable portions of the document by notations or highlighting the text in the sealed envelopes delivered to the Clerk and the Court's chambers, and

   (ii) Lodge with the Clerk and serve a redacted version of the document that can be filed in the public record if the Court grants the sealing order.

6. Notwithstanding the above, if any party objects to the designation of any documents or discovery materials as being "Confidential Material," said party will give written notice of the same to designating party. If the parties are unable to resolve their differences as to whether the documents or discovery materials should

be designated as "Confidential Material," subject to this protective order, the matter will be submitted to the assigned Magistrate for resolution in accordance with Rule 37.

7. Confidential Material, the information contained therein, and any summaries, copies, or abstracts of that information shall not be disclosed for any purpose other than the prosecution, defense, or settlement of this action and shall not be disclosed or made available to anyone other than "qualified persons" as defined below.

8. "Qualified persons" are:

   A. the Court, including judicial employees and other necessary personnel such as court reporters;
   B. the parties;
   C. jurors at trial;
   D. trial witnesses or deponents, their attorneys, if any;
   E. court reporters, transcribers, notary publics, or stenographers;
   F. the attorneys of record for a party, any attorneys of record for a party, any attorney of a law firm designated as attorneys of record for a party, in-house attorneys of a party, and the necessary paralegal, clerical, and secretarial staff employed by such counsel in this action;
   G. designated experts and/or consultants retained by any party and/or their counsel solely for the purpose of discovery in this litigation or assisting in the preparation of this litigation for trial;
   H. expert witnesses at any deposition or other hearing in this action;
   I. any authors or identified original recipients of the Confidential Material; and

J.  any other persons as to whom the parties in writing agree, or as may be designated by order of the Court after reasonable notice to the parties.

9. Only the attorneys of record for the parties in the above-captioned lawsuit may authorize copies to be made of the Confidential Material. All Qualified persons shall be subject to this order enjoining them from disclosing the Confidential Material to any person, except in conformity with this Order.

10. Under no circumstances shall any party provide the Confidential Matter to any competitor of defendant, unless the defendant's written authorization is first obtained.

11. All witnesses, including expert witnesses, and/or consultants to whom a party desires to disclose Confidential Material, other than authors or identified original recipients, must sign the document, in the form of Exhibit "A" attached hereto, prior to the disclosure of Confidential Material to such person. At the conclusion of the case, counsel for all parties shall provide opposing counsel copies of all Confidentiality Agreements executed pursuant to this Order, except for undisclosed consultants.

12. In the event that Confidential Material are used in any court proceeding in this action, other than trial, they shall not lose their confidential status through such use, and the parties will cooperate in taking reasonable steps to protect their confidentiality during such use. This Order shall not be deemed a waiver of any party's right to object to the production, disclosure or admissibility of Confidential Material or the taking of any testimony or other evidence on any basis other than their confidential status pursuant to this Order.

13. This Order shall continue to be binding after the conclusion of this litigation. However, a party may seek written permission of the opposing parties or further order of the Court with respect to dissolution or modification of this Order at any time.

14. Within thirty (30) days after conclusion of this case, counsel shall assemble and return to the other counsel all copies of Confidential Material in their possession and in the possession of any person to whom they have disseminated Confidential Material, including undisclosed consultants, or may destroy them. Counsel of record for a party returning or destroying Confidential Material will verify that same has been accomplished and will verify that no other such Confidential Material exists in the custody, control or possession of that party, its counsel, its agents or any consultants, whether or not disclosed. Counsel may retain copies of briefs filed with the Court and attorney work product so long as maintained in accordance with this Order.

15. All documents marked "CONFIDENTIAL" will be treated as Confidential Material until a court orders or the parties agree otherwise.

16. Nothing in the foregoing provisions of this Order shall:
    A. limit any party in the introduction of Confidential Material into evidence, subject to the designating party's right to seek protection from the court;
    B. prevent a party from objecting to discovery which it believes to be improper; or
    C. limit any party's disclosure or use of Confidential Material that were produced by that party.
    D. constitute an admission by a party that material designated confidential by another party, is, in fact, confidential or limit a party's right to assert such materials are not confidential.

17. Any Confidential Material that was or is inadvertently produced without a "CONFIDENTIAL" stamp on it or that was previously produced in anticipation of the entry of this Protective Order, may be designated as confidential by a writing to the receiving party that identifies the documents intended to be confidential.

18. If any party is served with a subpoena to produce Confidential Material, or ordered by the Court to do so, the party shall give immediate written notice to the non-subpoenaed party to allow the non-subpoenaed party to seek protection by the Court or appointed discovery referee.

19. The parties and all third parties subject to discovery in this action or who receive a copy of this Order, hereby consent to the jurisdiction of this Court for the purpose of enforcement of the provisions of this Order with respect to this action, and the Court hereby retains jurisdiction to interpret and enforce this Order under the laws of the United States of America. Confidential Material may be shown to trial witnesses and their attorneys, if any, at trial, whether or not counsel has first obtained an agreement with the trial witness or his or her attorney(s) to hold such material confidential, as such trial witnesses shall be bound by this Order.

20. The parties and their respective attorneys are in agreement concerning the above terms of this Stipulated Protective Order as acknowledged hereafter by the signatures of the attorneys for the parties, and have requested the Court to enter this Stipulated Protective Order.

DATED: 12/18/09

KANTOR & KANTOR, LLP

By: *Corinne Chandler*
CORINNE CHANDLER
Attorneys for Plaintiff, Claire Krumpotich

DATED: 12/18/09

LAW OFFICES OF MARC J. WODIN

By: *[signature]*
MARC J. WODIN
Attorneys for Defendants Pioneer Life Insurance Company of Illinois; Washington National Health Insurance Company and Conseco Senior Health Insurance Company

Stipulated Protective Order

7

## ORDER

Upon due consideration of the Stipulated Protective Order, IT IS HEREBY ADOPTED AS ORDER OF THIS COURT.

DATED: December 21, 2009

Hon. Jeffrey S. White
U.S. District Court Judge

```
 1  Glenn R. Kantor - SBN 122643
     e-mail: gkantor@kantorlaw.net
 2  Corinne Chandler - SBN 111423
     e-mail: cchandler@kantorlaw.net
 3  Brent Dorian Brehm - SBN 24898
     e-mail: bbrehm@kantorlaw.net
 4  KANTOR & KANTOR LLP
    19839 Nordhoff Street
 5  Northridge, CA 91324
    Telephone: (818) 886-2525
 6  Fax: (818) 350-6272

 7  Attorneys for Plaintiff,
    CLAIRE M. KRUMPOTICH
 8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CLAIRE M. KRUMPOTICH, | CASE NO. C 09-00335 JSW |
|---|---|
| Plaintiff, | **CONFIDENTIALITY AGREEMENT** |
| VS. | |
| PIONEER LIFE INSURANCE COMPANY OF ILLINOIS; WASHINGTON NATIONAL HEALTH INSURANCE COMPANY AND CONSECO SENIOR HEALTH INSURANCE COMPANY, | Assigned to the Hon. Jeffrey S. White |
| Defendants. | |

I _____ do hereby acknowledge that I read, understand and agree to be bound by the terms of the Stipulated Protective Order entered in the above-referenced matter on _____, a copy of which is attached hereto

Done this the \_\_\_\_\_ day of _____, 2008.

_____
(witness)

**EXHIBIT A**